IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | |
|---|---|
| In re the Detention of: ) | |
| ) | No. 31252-6-III |
| JAMES MCMAHAN. ) | |
| ) | |
| ) | |
| ) | |
| ) | UNPUBLISHED OPINION |
| ) | |

KORSMO, J. — The sole issue raised in this appeal from a sexually violent predator (SVP) determination is whether the trial court commented on the evidence when the elements instruction told the jury what crime the State needed to prove in order to establish a predicate offense. The instruction did not comment on the evidence and it would have been harmless in any respect because the defense conceded that element. We affirm the jury's determination that James McMahan is an SVP.

FACTS

The State sought to commit Mr. McMahan as an SVP after a lengthy history of sexual assault against family members and prostitutes. The judgment from a 1999 conviction for first degree assault of a child was admitted into evidence as exhibit 19. Three 1986 California convictions for forcible rape were admitted as exhibits 8 and 9. In

addition to those convictions, the jury heard testimony detailing numerous other sexual assaults perpetrated by Mr. McMahan that did not result in criminal convictions.

Instruction 5 told the jury that the State needed to establish the following elements beyond a reasonable doubt to prove that Mr. McMahan was an SVP: (1) that he had "been convicted of a crime of sexual violence, namely; *Rape of a Child in the First Degree*;" (2) that he "suffers from a mental abnormality or personality disorder which causes serious difficulty in controlling his sexually violent behavior;" and (3) that he was "likely to engage in predatory acts of sexual violence if not confined to a secure facility." Clerk's Papers at 565 (emphasis added). The court also instructed the jury that first degree child rape was a crime of sexual violence, as was rape by forcible compulsion.

In closing argument, defense counsel told the jury that the first element had been proved and that his client had pleaded guilty to child rape. Counsel focused his closing argument on the questions of whether Mr. McMahan was currently suffering from pedophilia and whether he was too old and ill to be likely to reoffend. The jury, however, disagreed with the defense assessment and concluded that Mr. McMahan was an SVP.

After entry of the order of commitment, Mr. McMahan timely appealed to this court.

## ANALYSIS

This appeal raises the sole issue of whether the emphasized language of the first element of instruction 5 constituted a judicial comment on the evidence. We conclude

2

that the instruction did not constitute a comment on the evidence and that, even if it had, any error was harmless. We address those rationales in turn.

*Comment.* Article IV, section 16 of our constitution prohibits judges from commenting on the evidence before the jury. "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." *Id.* A jury instruction that removes a factual matter from the jury constitutes a comment on the evidence in violation of this section. *State v. Becker,* 132 Wn.2d 54, 64, 935 P.2d 1321 (1997).

Mr. McMahan contends that the "rape of a child in the first degree" language in the first element of instruction 5 violated the constitutional prohibition. He bases his argument primarily upon *Becker* and *State v. Levy,* 156 Wn.2d 709, 132 P.3d 1076 (2006). We do not believe those cases support his view of instruction 5.

In *Becker,* a special verdict form asked the jury if the crime had been committed within 1,000 feet of a school, "'to-wit: Youth Employment Education Program School.'" *Becker,* 132 Wn.2d at 64. The parties had contested at trial whether the Youth Employment Education Program constituted a school or not. *Id.* at 63. Because the special verdict form stated that the program was a school, it constituted a comment on the evidence. *Id.* at 65.

At issue in *Levy* was a jury instruction in a burglary prosecution that informed jurors that one element the State needed to prove was that the defendant had unlawfully entered "'a building, to wit: the building of [the victim].'" 156 Wn.2d at 716. The court

3

concluded that the specification of the victim's residence as a "building" was error. *Id.* at 721. The error, however, was harmless. *Id.* at 725-27.

Similarly to those cases, Mr. McMahan contends that the language stating that rape of a child in the first degree was a crime of sexual violence constituted a comment. For two reasons, that contention fails. First, the language correctly states the law, a point confirmed by instruction 10 that told jurors the same thing: first degree child rape is a crime of sexual violence under the SVP statutes. This aspect of the instruction was not a comment on the evidence, but simply a recitation of the law.

Second, there was no comment on the factual component of the first element. The jury was told that the State had to establish in fact that Mr. McMahan had committed a crime of sexual violence and further specified which of the crimes presented in evidence needed to be established to the jury's satisfaction. This element did not say that the State had proved that defendant had committed an act of sexual violence. It instead told the jury that the State needed to prove a specific prior act of sexual violence. The factual question of whether or not the State had proved that point was not implicated by the language of the jury instruction, nor did that language in any way reflect the trial judge's thoughts on the matter. Instead, the instruction limited which of the defendant's past sexual offenses could properly be included in assessing the first element.

For both reasons, we conclude that the challenged language of instruction 5 did not constitute a comment on the evidence. There was no error.

4

*Harmlessness.* Even if the instruction could be read in the manner Mr. McMahan suggests, any error was harmless under the facts of this case. The allegedly defective element was not at issue in this trial.

A comment on the evidence is constitutional error that is presumed harmful unless the State proves the error was harmless. *Levy*, 156 Wn.2d at 725. Typically, an error of constitutional magnitude is considered harmless when the opposing party establishes harmlessness beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967).

In *Levy*, the court concluded that the error in referring to the victim's apartment as a building was harmless because there was no factual dispute that the apartment constituted a building, so the judge's comment on the evidence did not actually prejudice the defendant in any manner. 156 Wn.2d at 726-27. Similarly, in this case there was no factual dispute that Mr. McMahan had previously been convicted of first degree child rape or that it constituted a crime of sexual violence. Indeed, defense counsel expressly told the jury that his client had pleaded guilty to the crime and that the element was not in dispute. Instead, it was his current condition that was at issue.

Under these circumstances, we have no hesitancy in concluding that any error in the first element of instruction 5 was harmless beyond a reasonable doubt. For this reason, too, the instruction does not provide a basis for granting a new trial.

No. 31252-6-III
*In re Det. of McMahan*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Brown, J.

_____
Sperline, J.P.T.

6